IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES GOODRIDGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-4162 |
| | § | |
| HEWLETT-PACKARD CO., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Hewlett-Packard Co.'s motion to consolidate this action with Civil Action No. H-8-01164, currently pending before Judge Kenneth Hoyt, or alternatively, to transfer the latter to this court (Dkt. 9). Having reviewed the motion, response, reply, and the applicable law, the court finds that Hewlett-Packard's motion should be DENIED.

**BACKGROUND**

Plaintiff Charles Goodridge filed this action on December 7, 2007, which was reassigned to this court following Judge Sim Lake's recusal. Dkts. 1-3. Goodridge filed his first amended complaint on May 5, 2008. Dkt. 7. Goodridge brought this action pursuant to 42 U.S.C. §§ 1981 and 1988, alleging that Hewlett-Packard, his employer, discriminated against him on the basis of race. *Id.* On April 16, 2008, Goodridge brought a second action against Hewlett-Packard pursuant to the Fair Labor Standards Act ("FLSA") to recover allegedly unpaid overtime wages ("FLSA Action"). Civil Action No. 4:08-CV-01164, Dkt. 1. The FLSA Action was assigned to Judge Hoyt. *Id.*

Hewlett-Packard moves to consolidate the two actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, and, in the alternative, moves to transfer the FLSA Action to this court pursuant to 28 U.S.C. § 1404.  Dkts. 9.  Goodridge opposes consolidation.[1]  Dkt. 11.

## ANALYSIS

### Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure allows consolidation of two or more actions which share a "common question of law or fact."[2]  FED. R. CIV. P. 42(a); *see Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1531 (5th Cir. 1993).  The purpose of consolidation is to "'avoid unnecessary costs or delay.'"  *Frazier*, 980 F. 2d at 1532 (quoting FED. R. CIV. P. 42(a)).  So, consolidation is appropriate when actions involve a common question of fact "such that consolidation would serve the interests of judicial economy."  *Id.*; *see also Milner v. Nat'l Airlines*, 23 F.R.D. 7, 8 (S.D. Tex. 1958) (consolidation proper when "acts alleged by plaintiff in each case are confined to the same limited area and the same limited time and in the presence of the same limited number of witnesses").  And, actions which are consolidated maintain separate identities and require entry of separate judgments.  *Frazier*, 980 F.2d at 1532.  But, "[c]onsolidation is improper if it would prejudice the rights of the parties."  *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).

The district court in the first-filed action is the proper court to hear a motion to consolidate.  S.D. TEX. LOC. R. 7.6*; see also Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir.

---

[1] Goodridge did not respond to Hewlett-Packard's alternate motion to transfer.  Dkt. 11.

[2] Rule 42(a) provides:  "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  FED. R. CIV. P. 42(a).

2

1997). The court has "very broad discretion" when determining whether to consolidate actions, *Frazier*, 980 F.2d at 1532, and may order consolidation despite opposition from one or more parties. *St. Bernard Gen. Hosp., Inc.*, 712 F.2d at 989. "[T]he mere presence of a common question of law or fact does not require consolidation." *Cont'l Bank & Trust Co. v. Platzer*, 304 F. Supp. 228, 229 (S.D. Tex. 1969) ("Assuming . . . that there is a common question of law or fact sufficient to admit of consolidation, it is not believed that there would be a sufficient saving of judicial time and effort to warrant a joint trial when balanced against the inconvenience, delay and confusion that might result."); *see Comeaux v. Mackwani*, 124 Fed. Appx. 909, 910 (5th Cir. 2005) (district judge abused discretion by consolidating two actions asserting violations of the Eighth Amendment because otherwise the suits did not involve common questions of law and fact); *Certified/LVI Envtl. Servs. v. PI Constr. Corp.*, No. SA01CA1036FBNN, 2003 WL 1798542, at *2 (W.D. Tex. Mar. 3, 2003) (motion to consolidate denied although both actions arose under the Miller Act because "they contain[ed] very different facts, different causes of action, different subcontractors, and different defendants"). "The party moving for consolidation bears the burden of showing the cases should be consolidated." *Certified/LVI Envtl. Servs.*, 2003 WL 1798542, at *2 (citing *In re Repetitive Stress Injury Litig.,* 11 F.3d 368, 373 (2d Cir. 1993)).

As the party moving to consolidate, Hewlett-Packard must demonstrate that consolidation is proper. *See Id.* Neither party contests that the two actions do not share a common question of law.[3] Dkts. 9,11,12. Accordingly, Hewlett-Packard must demonstrate that the two actions share a

---

[3] And, the court notes that the actions do not share a common question of law. This action arises under 42 U.S.C. § 1981; the FLSA Action arises under the FLSA.

common question of fact sufficient to warrant consolidation.  *See* FED. R. CIV. P. 42(a); *Frazier*, 980 F. 2d at 1531.

Hewlett-Packard asserts that the actions share a common nucleus of facts because both cases involve factual issues regarding Goodridge's employment by Hewlett-Packard, and, thus, should be consolidated to promote efficiency and judicial economy.[4]  Dkt. 9 at 3.  Specifically, Hewlett-Packard contends that both cases require an evaluation of Goodridge's employment duties at Hewlett-Packard and hinge on his ability to demonstrate that his job duties were low level in nature.  *Id.* at 2-3.  Hewlett-Packard further argues that since the parties, many of the witnesses, and the lawyers involved in the two cases are the same, consolidation will promote judicial efficiency and economy because discovery will be more efficient.  *Id.* at 4.  Finally, Hewlett-Packard argues that consolidation would not cause any inconvenience, delay, and expense, nor otherwise prejudice Goodridge.  *Id.* at 4-5.

Goodridge, on the other hand, asserts that consolidation is improper because the two actions do not share a common question of fact.  Dkt. 11 at 3.  Goodridge asserts that the FLSA Action focuses on his entitlement to overtime according to formulas dictated by the FLSA.  *Id.*  Conversely, this action focuses on Goodridge's entitlement to equal treatment in the workplace, to be determined by evaluating the promotions, assignments, and pay raises given to other employees.  *Id.*  Goodridge asserts that the two actions do not overlap such that resolution of one would aid in the resolution of the other.  *Id.*  Goodridge further argues that the resolution of either dispute will not be significantly aided merely because both cases involve common parties and arise in the context of an employment

---

[4]  Hewlett-Packard also contends that the actions should be consolidated because they involve the same parties, the same witnesses, and the same lawyers.  Dkt. 9 at 2.  While these factors are persuasive, Hewlett-Packard must first demonstrate that a common question of fact exists sufficient to warrant consolidation.

relationship. *Id.* Goodridge also argues that consolidation is particularly inappropriate because he brought the FLSA Action as a collective action. *Id.* While the FLSA Action will involve analysis of unlawful payment practices which are common to all similarly situated technical employees, this action involves allegedly discriminatory practices which apply only to Goodridge. *Id.* Thus, consolidation would prejudice Goodridge's rights in this action as a result. *Id.* at 3-4. To conclude, Goodridge also argues that consolidation would not promote judicial efficiency and economy because the two actions will require independent briefing and research, independent discovery requests, independent damage calculations, and independent summary judgment analysis. *Id.* at 4. Because the two cases will remain two distinct cases in substance, Goodridge asserts that consolidation is improper. *Id.*

The court finds that the two cases do not share a common question of fact sufficient to warrant consolidation. Although the court acknowledges that both actions arise out of the same employment context and may involve many of the same witnesses, each action raises sufficiently distinct claims such that each will involve a separate and distinct fact inquiry. Thus, consolidation will not "avoid unnecessary costs or delay." *See* FED. R. CIV. P. 42(a). This action will likely require an evaluation of Goodridge's duties, responsibilities, and pay as they relate to his race. The FLSA Action, on the other hand, will likely require evaluation of Goodridge's duties, responsibilities, hours worked, and wages earned under FLSA guidelines to determine whether he is entitled to overtime pay.[5] As stated previously, "the mere presence of a common question . . . of fact does not require consolidation." *See Cont'l Bank & Trust Co.*, 304 F. Supp. at 229. Even though consolidated cases

---

[5] Had Goodridge, however, asserted that he failed to receive overtime pay on the basis of his race, the court's conclusion might be different.

retain separate identities, the court remains unconvinced that consolidation is proper here. Consolidation could prejudice both parties and will not offer any significant benefit to the parties or to the court. Accordingly, Hewlett-Packard's motion to consolidate is DENIED.

## Venue

Section 1404(a) of Title 28 of the United State Code permits transfer of venue "[f]or the convenience of parties and witnesses, in the interest of justice" provided that the action could have been brought in the new forum originally.[6] 28 U.S.C. § 1404(a). Under § 1404(a), transfer may occur from one district to another, *see*, e.g., *Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998) (transfer from Eastern District of Texas to Southern District of Texas), or from one division to another within a single district.[7] *See*, e.g., *Save Power Ltd.*, 121 F. 3d at 949 (within the Northern District of Texas, from Dallas Division to Fort Worth Division). A motion to transfer is "a matter to be weighed and decided by the District Judge in his discretion upon a consideration of all the factors." *Humble Oil & Ref. Co. v. Bell Marine Serv.*, 321 F.2d 53, 57 (5th Cir. 1963). The Supreme Court has given the court some guidance with regard to the factors it should consider, although no single factor is dispositive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252 (1981). It divides the factors into two groups: private concerns and public concerns.[8] *Id.*

---

[6]  Because Hewlett-Packard moves to transfer the second action within the same district, the court need not consider whether it could have been brought in this forum.

[7]  There is no precedent to support that 28 U.S.C. § 1404 may be used to transfer an action between district judges within the same division.

[8]  The private and public concerns are as follows:

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of

The court notes that precedent does not support transfer pursuant to 28 U.S.C. § 1404 when the requested transfer is between judges in the same division.[9]  Even so, the court finds that private and public concerns do not favor transfer.[10]  *See In re Volkswagen AG*, 371 F.3d at 203-06.  Accordingly, Hewlett-Packard's motion to transfer is DENIED.

## CONCLUSION

For the foregoing reasons, Hewlett-Packard's motion is DENIED.

Signed at Houston, Texas on June 25, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY

---

the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

[9]  Hewlett-Packard cites to *Save Power Ltd.,* 121 F.3d at 950, to support the proposition that actions may be transferred between judges within the same division.  This case, however, involves transfer between judges in the same division pursuant to an order to consolidate.  Accordingly, Hewlett-Packard's argument fails.

[10]  Hewlett-Packard does not address the private and public concerns set forth by the Supreme Court and instead argues that transfer is appropriate for the same reasons it argued consolidation was appropriate.  Dkt. 9 at 5-6.  The court disagrees.