IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES GOODRIDGE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| V. | § | 4:07-cv-4162 |
| | § | |
| HEWLETT-PACKARD COMPANY, | § | (JURY DEMANDED) |
| | § | |
| Defendant. | § | |

## DEFENDANT'S AFFIRMATIVE DEFENSES AND ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now Hewlett-Packard Company, Defendant herein, and files its Affirmative Defenses and Original Answer to Plaintiff's First Amended Complaint, and would respectfully show the Court as follows:

### I.
### AFFIRMATIVE DEFENSES

1.   Plaintiff's First Amended Complaint fails in whole or in part to state a claim upon which relief can be granted.

2.   Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3.   Plaintiff has failed in whole or in part to exhaust and/or satisfy the administrative prerequisites to suit.

4.   Defendant's actions with respect to Plaintiff have at all times been based on reasonable factors other than race.

5.   Plaintiff has, at all relevant times, been an "at will" employee.

6. Defendant has, at all relevant times, had in place written policies and procedures prohibiting discrimination and harassment in the workplace and providing mechanisms for complaint and redress of complaints. Plaintiff failed to take advantage of or otherwise invoke Defendant's stated procedures in this regard.

## II.
## ANSWER

Subject to the above and foregoing Affirmative Defenses, Defendant Hewlett Packard Company pleads as follows to the specific allegations contained in Plaintiff's First Amended Complaint.

7. With regard to the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint, Defendant admits that this action is brought pursuant to 42 U.S.C. Section 1981, however, Defendant denies that it is liable to Plaintiff under that statute or on any other basis whatsoever.

8. Defendant denies the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.

9. With regard to the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint, Defendant admits that it does business within the State of Texas and in the division/district of this Court, however, Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

10. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

11. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint, however, Defendant denies that it has engaged in any conduct violative of 42 U.S.C. Section 1981 and denies that it is liable to Plaintiff on any basis whatsoever.

12. With regard to the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint, Defendant admits that Plaintiff has been employed by Defendant since approximately September 1995 and, thus, has worked for Defendant for approximately 12 years. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

13. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

14. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

15. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

16. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

18. Defendant admits the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

20. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

22. With regard to the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint, Defendant states that Plaintiff's duties have included assisting customers with issues such as printer or password problems, as well as many other technical issues. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

24. Defendant admits the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

26. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

29. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

30. Defendant admits the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

31. Defendant admits the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

32. With regard to the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint, Defendant admits that Plaintiff filed his Original Complaint on or about December 7, 2007, however, Plaintiff never made service on Defendant of the First Amended Complaint.

33. With regard to the allegations contained in the second Paragraph numbered 25, Defendant repeats and realleges all of the admissions and denials set forth above.

34. Defendant denies the allegations contained in the second Paragraph numbered 26 of Plaintiff's First Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

36. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

37. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

38. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

39. With regard to the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint, Defendant admits that Plaintiff demands a trial by jury, however, Defendant denies that it is liable to Plaintiff on any basis whatsoever.

40. Defendant denies the allegations contained in Plaintiff's Prayer for Relief and denies that Plaintiff is entitled to any of the relief he seeks therein including the relief sought in subparagraphs (a) through (i).

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff's First Amended Complaint be dismissed and denied in its entirety and that Defendant recover its costs of court and reasonable attorney's fees and all other relief to which it may show itself justly entitled.

Respectfully submitted,

/s/ Nancy L. Patterson
Nancy L. Patterson
State Bar No. 15603520
Federal ID No. 10221
A. John Harper III
State Bar No. 24032392
Federal ID No. 577124
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suite 4200
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 - Facsimile

ATTORNEYS FOR DEFENDANT
HEWLETT-PACKARD COMPANY

## CERTIFICATE OF SERVICE

The undersigned certifies that on this the 7th day of July, 2008, a true and correct copy of the foregoing via the court's CM/ECF system and certified mail, return receipt requested to:

Mr. Trang Q. Tran
Mr. Andrew H. Iwata
3050 Post Oak Blvd., Suite 1720
Houston, Texas 77056

/s/ Nancy L. Patterson
Nancy L. Patterson

DB1/61903060.1