kiIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES GOODRIDGE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| V. | § | 4:07-cv-4162 |
| | § | |
| HEWLETT-PACKARD COMPANY, | § | (JURY DEMANDED) |
| | § | |
| Defendant. | § | |

## UPDATED JOINT ADR REPORT

Plaintiff Charles Goodridge ("Goodridge") and Defendant Hewlett-Packard Company ("HP") submit their Updated ADR Report, and would show as follows:

1.  In the Court's Scheduling Order of June 3, 2008, Goodridge and HP were ordered to complete ADR by December 15, 2008 or to file a report with the Court stating why ADR was inappropriate. (Doc. 10)

2.  On December 15, 2008, the parties filed a joint status report stating that they had agreed to mediate the case and were in the process of selecting a mediator and January 2009 mediation date.

3.  On January 27, 2009, HP and Goodridge mediated this case and *Goodridge v. Hewlett-Packard Company*, Civ. A. No. 4:08-CV-01164, In the United States for the Southern District of Texas, a case involving allegations of Fair Labor Standards Act ("FLSA") violations. The cases were mediated by Gloria Portela ("Portela").

4.  Portela is an experienced mediator and employment lawyer familiar with the legal issues in Goodridge's cases against HP. Additionally, at the mediation both parties were represented by able counsel familiar with the law and the facts related to the lawsuits.

5.  After nearly a day of mediation, the parties reached a compromise. In exchange for money and other consideration, Goodridge agreed that he would resign from his position at HP and agreed to the dismissal with prejudice of his lawsuits against the company.

6.  The parties signed the Settlement Agreement prepared at the mediation. That Settlement Agreement contemplates the parties entering into a more formal agreement, but states plainly that notwithstanding such additional documents, it is a complete and binding settlement agreement as contemplated by Section 154.071 of the Texas Civil Practice and Remedies Code.

7.  HP's attorney sent Goodridge's attorney the more comprehensive settlement agreement contemplated in the Settlement Agreement, but Goodridge refused to execute the agreement or to identify any specific objections he has to it.

8.  Because the allegations in *Goodridge v. Hewlett-Packard Company*, Civ. A. No. 4:08-CV-01164, involve purported FLSA violations, HP will be seeking that Court's approval of the Settlement Agreement entered into at mediation. HP is also preparing to seek enforcement of the Settlement Agreement if necessary.

9.  The parties will file additional Supplemental ADR Reports as is necessary.

| | |
|---|---|
| TRAN LAW FIRM LLP | MORGAN, LEWIS & BOCKIUS LLP |
| By: /s/ Trang Q. Tran | By: /s/ Nancy L. Patterson |
| Trang Q. Tran | Nancy L. Patterson |
| State Bar No. 00795787 | State Bar No. 15603520 |
| 3050 Post Oak Blvd., Suite 1720 | V. Loraine Christ |
| Houston, Texas 77056 | State Bar No. 24050417 |
| (713) 223-8855 - Telephone | A. John Harper III |
| (713) 623-6399 - Facsimile | State Bar No. 24032392 |
| | 1000 Louisiana, Suite 4200 |
| ATTORNEY FOR PLAINTIFF | Houston, Texas 77002 |
| CHARLES GOODRIDGE | (713) 890-5000 - Telephone |
| | (713) 890-5001 - Facsimile |
| | |
| | ATTORNEYS FOR DEFENDANT |
| | HEWLETT-PACKARD COMPANY |

DB1/62606505.1