IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES GOODRIDGE, | |
| Plaintiff, | CIVIL ACTION NO. |
| V. | 4:07-cv-4162 |
| HEWLETT PACKARD COMPANY, | (JURY DEMANDED) |
| Defendant | |

### SWORN DECLARATION OF CHARLES GOODRIDGE

My name is Charles Goodridge. I am over eighteen (18) years of age and am of sound mind. I have personal knowledge of the matters contained herein and I am competent in all respects to make this Affidavit.

1. On or about December 7, 2007, I filed a lawsuit against HP alleging discrimination in violation of the 42 U.S.C 1981, styled *Charles Goodridge v. Hewlett-Packard Company*, Civil Action No. 4:07-cv-4162, In the United States District Court for the Southern District of Texas, Houston Division (the "Discrimination Case");

2. On or about April 16, 2008, I filed a lawsuit against HP alleging that I was misclassified as exempt under the Fair Labor Standards Act ("FLSA") and raising allegations that I should have been and was not paid overtime for all hours worked over 40 hours in a week, styled *Charles Goodridge v. Hewlett-Packard Company*, Civil Action No. 4:08-cv-01164, In the United States District Court for the Southern District of Texas, Houston Division (the "FLSA Case");

3. On or about February 29, 2008, Attorney Trang Tran was hired to represent me in both cases. Initially Attorney Tran was only interested in the FLSA Case. But after it was made clear to Attorney Tran that I would only hire an attorney who would handle my discrimination case, Attorney Tran accepted both cases.

4. Attorney Tran took my discrimination case at a reduced rate – 20% and $100 per hour. This was much lower than his standard 40% and $250 per hour. I believe Attorney did this because he wanted to make sure I hired him for the overtime case. I recently discovered that from the facts surrounding my discrimination case, a "detrimental reliance" case might also be, and probably is justified. I

believe that if Attorney Tran fully understood my discrimination case he might have added a Detrimental Reliance case, or at least brought it up during our consultations.

5. Attorney Tran was active in my discrimination case early on. Attorney Tran amended my discrimination case with a correction that it was to be filed under the 1981 Civil Rights Act. Attorney Tran wrote my interrogatory concerning both my FLSA case and discrimination case. And Attorney Tran answered HP's interrogatories concerning both cases.

6. Around the end of July, 2008, HP asked Attorney Tran to sign a Confidentiality agreement. This was so I could receive discovery related to my discrimination case. For some reason Attorney Tran did not sign the confidentiality agreement at that time and the issue of discovery concerning my discrimination case was not addressed until one day before the close of the discovery phase – December 2, 2008. The first discovery items related to my discrimination case were delivered to Attorney Tran on or about January 7, 2009. This information is based on documents in my case folder.

7. Attorney Tran conducted three late depositions of witnesses critical to my case. Lathan Johnson was deposed on December 1, 2008. Mason Garcia was deposed on December 4, 2008. And Kathy Marquis was deposed on December 5, 2008. As discovery related to my discrimination case did not come in until January, Attorney Tran had no facts to back up his questions. As one of my comparators, this allowed Kathy Marquis in particular, to lie, again and again during her deposition, concerning questions about salary increases and decreases. Lathan Johnson was to be deposed in order to get more information about other people who were promoted from ITO IIIs to ITO Vs between 2001 and 2005. There was no discover on this important area, and Lathan was allowed to be unresponsive in his answers concerning this vital point.

8. On or about January 5, 2009, HP submitted a Motion for Summary Judgment. In their Motion and supporting affidavits, some of the facts stated were knowingly untrue. Bill Bushong states in HP's supporting affidavit that Kathy Marquis, a comparator, did not receive a promotion until July 2006 and did not receive a pay increase until February, 2007. Kathy stated in her deposition and is supported in her HR file that she was promoted about June, 2005. From Kathy's W2s she received a $6,000 pay increase in the year of her promotion in 2005, compared to 2004. This is despite the fact that Guaranteed Availability Pay (or GAP or on-call pay), was eliminated in June of 2005. GAP can account for a 10% increase in pay.

9. It is also stated in HP's MSJ that "**"Goodridge was offered on opportunity to keep his job, but at a price: Leaving Boston and relocating to Houston."** This statement is patently untrue as there were 10 available positions in the Access Management Group in the same facility in Boston, for the top 10 performers of the Taylor St. Command Center. If I was not the top performers in the Boston facility I was certainly among the top 2 or 3 as my performance reviews would prove. As Bill Bushong would know how many people from the Taylor St. Command Center would be relocating to Houston. He would also be aware of how many wouldn't be relocating and why they wouldn't – because they were taking positions in the Access Management Group. These and other statements in HP's MSJ are simply preposterous and indefensible. But I had not seen any discovery from Attorney Tran until about a week before our mediation meeting which might be used to answer these claims.

10. During (and after) mediation, on January 27, 2009, Attorney Tran was down playing my discrimination case claiming it was likely to be dismissed. Attorney Tran claimed that there was no pay increases associated with the promotions of two of my comparators – Kathy Marquis and Chris Seeger. But from reviewing my file, I found this to be false. Punitive damages were never put on the table during mediation, as Attorney Tran claimed that I would have to prove intent. But Attorney Tran never spoke with key witness who might help support a case for punitive damages – the managers from Boston who sent me down here, one of which is no longer employed by HP. It is my understanding that there was also another individual, William Walker, who had filed a similar case as mine and around the same time, with the EEOC. Attorney Tran never spoke with this individual, who clearly could have been a key witness. In actuality, Attorney Tran had not done much of anything to build up my discrimination case. And I believe Attorney Tran was motivated by his lack of effort, to settle on the quick and cheap, and to possibly avoid legal action. As my discrimination case was clearly much stronger than he anticipated.

11. What I was looking for as a reasonable settlement was back pay plus relief and to be moved into a comparable position to the project management position I was promised, with some guaranteed years. And, If HP absolutely insisted on terminating me, that there should be substantial forward pay for the damage they did to my career by having me work well below my job grade for 4 years, and not allowing me to build my career through the normal process of merit. This mediation is clearly not what I wanted as I am in a worse position, now, than I was before - unemployed (I'm currently on paid administrative leave pending court approval) in a terrible economy, with just a small amount of money as compensation. Compare this to the six figure salary career that I should have been building since 2004. If there is any possibility that the court can deny this settlement agreement where my discrimination case is concerned, and return this

case to a point where I can expect proper discovery and adequate representation, I would encourage the court to do so.

12. Please also see my response to HP's MSJ which is attached to this affidavit. Thank you.

**Further affiant sayeth naught.**

_____
Charles Kevin Goodridge

SIGNED AND SWORN TO BEFORE ME on the 24th day February, 2009

_____
Notary Public in and for
THE STATE OF TEXAS



CINDY SALDIVAR
MY COMMISSION EXPIRES
August 12, 2012

United States District Court
Southern District of Texas
FILED

MAR 10 2009

Michael N. Milby
Clerk of Court

Civic action no.
4:07-cv-4162

The primary problem with the initial settlement agreement which was signed during my mediation with HP is the division of the settlement amount between me and my attorney. The document states that HP is to pay a total of $210,000; that my attorney is to receive 40% of the settlement; and that I am to receive the amount of the settlement less attorney's fees. My attorney's fees for the two cases are no more than $46,000.
If I were to be paid the settlement amount less attorney's fees, a sum of $164,000, and if my lawyer were to be paid 40% of the award, a sum of $84,000, the total that HP would be paying is $248,000. This conflict in the initial settlement agreement could possibly make the contract invalid.

The initial settlement agreement needed to be changed in the final settlement agreement to reflect my attorney's actual retainers. But attorney Tran refuses to do this. Attorney Tran also refuses to set aside the disputed attorney's fees, in an escrow account, where this issue can be resolved by an arbitrator.

Attorney Tran had the initial settlement agreement approved and the overtime case dismissed by Judge Hoyt. Attorney Tran is now basing a 40% claim to the settlement amount on Hoyt's approval, even though I was not present during this hearing. And, I also told attorney Tran via emails that I wanted to be present during any meeting with the court concerning my two cases. I wanted to be present for this very issue, but attorney Tran denied me a voice in judge Hoyt's court.

Attorney Tran is trying to use the mediation and settlement process, to attempt to step around his attorney-client contracts. I am asking the court to review this issue and keep attorney Tran's fees to within his retainers and invoices.

I've also attached an affidavit which is a statement expressing my concerns about attorney Tran's handling of my discrimination case. I am submitting this document simply for the court's review and consideration. I do not expect any action to be taken based on this statement.

Thanks you.

*[signature]*